NO. 07-06-0247-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 17, 2007


______________________________



ALBINO ROSENDO SOTO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;



NO. 05-2280; HON. CARTER T. SCHILDKNECHT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Albino Rosendo Soto (appellant) appeals his conviction for assault-family violence. 
Via two issues, he contends that the evidence is legally and factually insufficient to support
his conviction. We affirm.

Background


 On February 22, 2005, appellant was living with Belinda Clifton, his girlfriend. They
had been arguing most of the day and after serving him dinner the arguing became violent. 
He threw "his plate" at her and then hit her. She began screaming, at which point appellant
began "choking [her]." The victim further testified that after appellant struck her " . . . in the
head, [she] . . . couldn't focus . . . [or] see" since all "was black." So too did she see "like
starbursts in front of [her] eyes . . . [a]nd . . . told [appellant that she] couldn't see." 
Appellant also grabbed her head and "slamm[ed] . . . it . . . back and forth." Pictures were
later introduced into evidence memorializing the bruises on the victim caused from the
assault.

 On cross, defense counsel pointed out inconsistencies between the statement
Belinda gave the police and her testimony at trial. She further admitted to being on drugs
for seven days prior to the assault and seeing people allegedly looking in the window. 

Issues One and Two - Sufficiency of the Evidence


 The applicable standards of review appear in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006). We refer the parties to those cases. 

 Appearing of record is the testimony of Belinda not only identifying appellant as her
boyfriend and the one who assaulted her but also describing the manner in which the
assault occurred and its effects. It constituted some evidence upon which a rational trier
of fact could find, beyond a reasonable doubt, that appellant intentionally and knowingly
caused bodily injury to Belinda by hitting and choking her. Tex. Pen. Code Ann. §22.01
(Vernon Supp. 2006) (defining the offense of assault).

 As for appellant's attempt to discredit the victim by showing that she had been on
drugs and illustrating inconsistencies between her testimony and statement, this
information was far from overwhelmingly unfavorable to the jury's verdict. Nor was the
evidence of appellant's guilt weak; rather, ample existed if the jurors opted to believe it. 
And, it was for the jurors, as opposed to this court, to resolve doubts in testimony and
select who to believe. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000)
(stating that the jurors have the obligation to resolve credibility disputes). Thus, we hold
that the verdict has the support of both legally and factually sufficient evidence and
overrule the issues.

 The judgment of the trial court is affirmed.

 

 Brian Quinn

 Chief Justice


Do not publish.



 



e assert that the allegations of Kirkland did not warrant summary
judgment irrespective of whether he presented some evidence. Instead, he merely argued
that his opponents failed to prove that he was not terminated for pursuing a worker's
compensation claim, i.e., that Kirkland discharged him for a legitimate, non-discriminatory
reason. More importantly, this is fatal to his appeal because the trial judge did not specify
in its summary judgment the grounds upon which it acted. Thus, Pool had the burden on
appeal to illustrate why none of the grounds encompassed in Kirkland's motion warranted
summary judgment, and because he did not, we must affirm on the grounds which went
unaddressed. Miller v. Galveston / Houston Diocese, supra. 

 Accordingly, we affirm the summary judgment. 


 Brian Quinn

 Justice


Do Not Publish.